## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **In Re SAV-RX Data Breach Litigation** | **Chief Judge Robert F. Rossiter, Jr.**<br><br>**8:24CV204 (Lead Case)**<br><br>Member Cases:<br>8:24CV205<br>8:24CV206<br>8:24CV210<br>7:24CV5005<br>8:24CV214<br>8:24CV215<br>8:24CV216<br>4:24CV3109<br>8:24CV218<br>8:24CV228<br>8:24CV229<br>8:24CV261<br>8:24CV264 |

### COORDINATED PLAINITFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

Coordinated Plaintiffs David Prestby, Derek Summerville, Rodney Hill, Heather Krueger, Christine Pennell, Stephanie Foster, Samantha Moser, Tiffany Sutherlin, Shelia Santizo, Shane Sayers, Joann Trussell, Connor Geerhardt, and T.D. submit the following memorandum in support of their *Motion for the Appointment of Interim Class Counsel* seeking the appointment of Plaintiffs' Leadership Committee consisting of Courtney E. Maccarone of Levi & Korsinsky, LLP; Terence R. Coates of Markovits, Stock & DeMarco, LLC; Jean S. Martin of Morgan & Morgan Complex Litigation Group; James S. Pizzirusso of Hausfeld LLP; Kate M. Baxter-Kauf of Lockridge Grindal Nauen PLLP; and Charles E. Schafer of Levin Sedran & Berman LLP ("Proposed Plaintiffs' Leadership Committee"). Counsel for Coordinated Plaintiffs conferred with

1

Defendant A&A Services, LLC's counsel and determined Defendant takes no position relating to this Motion.

## I.    APPOINTMENT OF INTERIM CLASS COUNSEL

### A.  Legal Standard

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3) (cited by this Court in *Pulliam et al. v. West Technology Group, LLC*, Case No. 4:23-cv-03072-BCB-MDN (Doc. #14) (granting plaintiffs' motion for appointment of interim co-lead counsel) and *Scott v. Union Bank & Trust Co.*, No. 4:23CV3126, 2023 WL 4743338, at *1 (D. Neb. July 25, 2023) (same)). Determining the appointment of lead class counsel requires the court to consider "(1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, or the types of claims asserted in the action, (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." *Scott*, at *1 (internal quotations omitted).

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig*. § 10.22 (4th ed. 2004). The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R.

Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., FEDERAL PRACTICE. & PROCEDURE §
1802.3 (3d ed. 2005).

### B. The Court Should Appoint Coordinated Plaintiffs' Request for Interim Class Counsel Under Rule 23(g).

As Coordinated Plaintiffs demonstrate below, Proposed Plaintiffs' Leadership Committee
satisfy all requirements for appointment by the Court.

#### i.     Proposed Plaintiffs' Leadership Committee have Performed Substantial Work Investigating and Litigating the Claims.

Proposed Plaintiffs' Leadership Committee have been diligent in investigating and
advancing this litigation. *See* Declaration of Terence R. Coates in Support of Appointment of
Plaintiffs' Leadership Committee ("Coates Decl,"), ¶¶ 4-11 (**Exhibit 1**); *see Pulliam*, No. 4:23-
cv-03072-BCB-MDN (Doc. #14 at 2) (granting plaintiffs' motion to appoint interim co-lead
counsel, observing that "[p]roposed interim co-lead counsel were the first to file a case arising out
of the data breach at issue in these cases, and have been involved in investigating, prosecuting, and
coordinating this litigation, including the preparation and filing of the motion for consolidation.").
Counsels' investigations before filing the Related Actions included, without limitation, analyzing
the circumstances surrounding the Data Breach, interviewing individuals injured by the Data
Breach, researching potential legal claims, drafting initial pleadings and statutory notices, and
organizing Plaintiffs and counsel to self-consolidate the actions and move the litigation forward.
Coates Decl., ¶ 6. Indeed, Proposed Plaintiffs' Leadership Committee worked to quickly organize
including taking the laboring oar in drafting the motion to consolidate and circulating it among
Plaintiffs' counsel and Defendant's counsel for editing and approval. *Id*. ¶ 7. Proposed Plaintiffs'
Leadership Committee worked to create a consensus group with the hope of avoiding any
competing leadership applications that might cause delay in efficiently proceeding in this matter.

*Id.* ¶9.  Proposed Plaintiffs' Leadership Committee's efforts at self-organization were generally successful, as evidenced by this Motion, in that the Motion is fully supported by 12[1] of the 14 Related Cases (and 13 of the 15 named plaintiffs).[2]

Going forward, and if appointed, Proposed Plaintiffs' Leadership Committee will establish a standardized protocol for managing and reporting time and expenses incurred. Coates Decl., ¶ 12. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Plaintiffs' Leadership Committee under Fed. R. Civ. P. 23(g)(3).

>           ii.     ***Proposed Plaintiffs' Leadership Committee Have Significant Relevant Experience.***

Proposed Plaintiffs' Leadership Committee are well-qualified to lead this case. Each member has a track record of successfully and efficiently litigating and resolving data privacy class actions. *See Scott*, 2023 WL 4743338, at *2 ("As demonstrated by the brief and accompanying resumes, proposed interim co-lead counsel are experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate these cases"). Proposed Plaintiffs' Leadership Committee have ample experience handling class actions—including class actions involving data breaches—complex

---

[1] *Prestby, et al. v. A&A Services, LLC*, Case No. 8:24-CV-00204 (D. Neb.); *Hill v. A&A Services, LLC*, Case No. 8:24-CV-00205 (D. Neb); *Krueger v. A&A Services, LLC*, Case No. 8:24-CV-00206 (D. Neb.); *Pennell v. A&A Services, LLC*, Case No. 8:24-CV-00210 (D. Neb.); *Foster v. A&A Services, LLC*, Case No.: 8:24-CV-05005 (D. Neb.); *Moser v. A&A Services, LLC*, Case No. 8:24-CV-00215 (D. Neb.); *Sutherlin et al. v. A&A Services, LLC*, Case No. 8:24-CV-00216 (D. Neb.); *Santizo v. A&A Services, LLC*, Case No. 4:24-CV-03109 (D. Neb.); *Sayers v. A&A Services, LLC*, Case No. 8:24-CV-00228 (D. Neb.); *Truseell v. A&A Services, LLC*, Case No. 8:24-CV-00229 (D. Neb.); *Geerhardt v. A&A Services, LLC*, Case No. 8:24-CV-00261 (D. Neb.); and *T.D. v. A&A Services, LLC*, Case No. 8:24-CV-00264 (D. Neb.).

[2] Counsel in *Doherty v. A&A Services, LLC*, Case No. 8:24-CV-00218 (D. Neb.) indicated that he supported Proposed Plaintiffs' Leadership Committee, but would also likely be submitting an additional application. Coates Decl., ¶ 10.

litigation, and consumer claims. *See generally* Exhibits 2-7 attached hereto. The qualifications and experience of Proposed Plaintiffs' Leadership Committee are set forth below.

### *Courney E. Maccrone of Levi & Korsinsky, LLP*

Ms. Maccarone is a member of Levi & Korsinsky, LLP's Consumer Protection practice group and has extensive class action experience. Ms. Maccarone graduated from Brooklyn Law School, *magna cum laude*, in 2011, and has dedicated the entirety of her legal career to representing consumers. With more than 12 years of experience, she has focused her practice on prosecuting consumer class actions since day one and has a significant amount of experience litigating class actions involving data breaches and other privacy-related cases, most recently in: *In re MOVEit Customer Data Security Breach Litigation, Case No.* 1:23-md-03083 (D. Mass) (member of settlement committee in multi-track data breach MDL comprised of voluminous defendants and actions); *Kholyusev v. Welfare & Pension Administration Service, Inc*., No. 22-2-04152 (Wash. Sup. Ct.) (co-lead counsel in data breach class action pending final approval of settlement fund up to $1,750,000); *Stoudemire v. Lee Enterprises, Inc*., No. 22-CV-00086 (S.D. Iowa) (counsel in ongoing proposed class action accusing Lee Enterprises, Inc. of violating the Video Privacy Protection Act); *In re HealthEC LLC Data Breach Litig*., No. 2:24-cv-00026 (JKS) (appointed to plaintiffs' steering committee in ongoing data breach class action); *In re Christie's Data Breach Litig*., No. 24-cv-4221 (appointed to executive committee in data breach class action); *Amber Wilson v. Frontier Communications Parent, Inc*., No. 3:24-cv-01418 (N.D. Tex.) (appointed to executive committee in data breach class action); *Heerde v. Learfield Communications, LLC*, No. 2:23-cv-04493 (C.D. Cal.) (counsel in ongoing proposed class action accusing defendants of violating privacy rights under the California Invasion of Privacy Act and the Federal Wiretap Act).

In addition to Ms. Maccarone's personal qualifications, she brings the support and resources of Levi & Korsinsky to this case on behalf of the putative class. Ms. Maccarone, with the support of Levi & Korsinsky, is prepared to devote as much time and resources as is needed to advocate for those impacted here.

Ms. Maccarone's experience in prosecuting consumer class actions, and data privacy class action cases specifically, makes her well qualified to serve as a member of Plaintiffs' Leadership Committee. Further details about Ms. Maccarone, as well as Levi & Korsinsky's class action group, are included in the firm resume submitted herewith as **Exhibit 2**.[3]

### *Terence R. Coates of Markovits, Stock & DeMarco, LLC.*

Terence R. Coates is the Executive Director of the Potter Stewart Inn of Court, Vice President of the Cincinnati Bar Association, and managing partner of Markovits, Stock & DeMarco, LLC. He has extensive experience handling data privacy class action cases such as this one and is a frequent speaker at national conferences for the plaintiffs' perspective on recent trends in data privacy class action cases. Mr. Coates has served as a member of class counsel and/or plaintiffs' counsel in several data privacy cases pending around the country, including, *In re Advocate Aurora Health Pixel Litig.*, No. 22-CV-1253-JPS (E.D. Wis.) (class counsel for a $12.225 million data privacy class action settlement); *Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1495 (N.D. Ga) (class counsel for an $8,733,446.36 data breach class action settlement); *In re Novant Health, Inc.*, No. 1:22-CV-00697 (M.D.N.C.) (plaintiffs' counsel for a $6.66 million data privacy class action settlement); *Durgan v. U-Haul Int'l Inc.*, No. 2:22-cv-01565 (D. Ariz.) (class counsel for $5,085,000 data breach class action settlement); *Owens v. U.S.*

---

[3] Proposed Plaintiffs' Leadership Committee will be assisted by local counsel located in Omaha, Nebraska including Pamela Car and William L Reinbrecht of Car & Reinbrecht, P.C., L.L.O.

*Radiology Specialist, Inc.*, No. 22 CVS 17797 (Mecklenburg County Superior Court, North Carolina) (class counsel for $5,050,000 data breach class action settlement); *Phillips v. Bay Bridge Administrators, LLC*, No. 23-cv-00022 (W.D. Tex.) (class counsel for a $2,516,890 data breach class action settlement); *Tucker v. Marietta Area Health Care, Inc.*, No. 2:22-cv-00185 (S.D. Ohio) (class counsel for $1.75 million data breach class action settlement); *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (N.D. Ohio) (class counsel for $1.75 million data breach class action settlement); *Vansickle v. C.R. England, Inc.*, No. 2:22-cv-00374 (D. Utah) (class counsel for $1.4 million data breach class action settlement).

Furthermore, Mr. Coates recently served as special counsel for the State of Ohio in *State of Ohio ex rel. Dave Yost Ohio Attorney General v. Monsanto*, No. A1801237 (Hamilton County Court of Common Pleas, Ohio) ($80 million settlement in 2022) and *State of Ohio ex rel. Dave Yost Ohio Attorney General v. E.I. Du Pont de Nemours & Co.*, No. 18OT32 (Washington County Court of Common Pleas, Ohio) ($110 million settlement in 2023; pending on appeal) and also served as class counsel in *Shy v. Navistar Int'l Corp.*, No. 92-cv-0333-WHR (S.D. Ohio) (class counsel for an ERISA class action settlement valued at over $742 million).

Mr. Coates's ample experience handling data privacy class action cases makes him well qualified to serve as a member of Plaintiffs' Leadership Committee for Plaintiffs and the putative Class. Additional information regarding Mr. Coates and Markovits, Stock & DeMarco, LLC is detailed in the firm resume attached as **Exhibit 3**.

### *Jean S. Martin, Morgan & Morgan*

Ms. Martin is a lead attorney in the class action group of Morgan and Morgan as has worked on some of the largest class action lawsuits in history, including *In re Capital One Consumer Data Security Breach Litig.*, No. 1:19-MD-2915-AJT (E.D. Va.) and *In re Yahoo! Inc. Customer Data*

*Security Breach Litig.*, No. 5:16-MD-02752-LHK (N.D. Cal.). She served as co-lead counsel in *In re Morgan Stanley Data Sec. Litig.*, 1:20-cv-05914 (S.D.N.Y.), which resulted in a $60 million common fund settlement for 15 million class members. The settlement she negotiated is novel and creative in that Morgan Stanley committed to pay for a third party to renew efforts to locate and recover additional IT devices at issue and the settlement secured financial account monitoring service for the entire class for 10 years. At the final approval hearing, the District Court judge remarked that plaintiffs were represented by "first-rate lawyers," noting that "on a per capita basis, the settlement award exceeds the value of prior class settlements in data and security breach cases." Ms. Martin served as co-lead counsel in *In re Ambry Genetics Data Breach Litig.*, No. 8:20-cv-00791-CJC (C.D. Cal.), which resulted in a settlement valued in excess of $20 million for a class of approximately 230,000 patients. In the final approval order, the District Court judge highlighted the "excellent result… achieved for the class" especially after facing multiple motions to dismiss, including one dismissal of plaintiffs' complaint in its entirety.

Ms. Martin argued a motion for class certification which resulted in the first order in the country granting Rule 23(b)(3) certification in a consumer payment card data breach. *See In re Brinker Data Incident Litig.*, No. 3:18-cv-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021), *vacated in part sub nom. Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023). She argued the motion for class certification and the appeal before the Eleventh Circuit. The appellate court found standing for Ms. Martin's client and embraced the presented damages model, remanding the case for further predominance inquiry given the district court's modification of the class definition. The U.S. Supreme Court effectively upheld this decision when it declined to hear the defendant's appeal this past April.

In 2022, she was recognized by Law360 as an MVP in the area of cybersecurity and data privacy and was named as one of National Law Journal's Class Action/ Mass Tort Litigation Trailblazers of 2023.

Morgan & Morgan's Firm's resume is attached hereto as **Exhibit 4**.

### *James S. Pizzirusso of Hausfeld LLP*

Mr. Pizzirusso is a founding partner and Chair of Hausfeld's Data Breach and Privacy practrice group. Mr. Pizzirusso's and Hausfeld's accolades in the cybersecurity world are unmatched. Hausfeld is the *only* plaintiffs' firm in the country ranked by Legal500 in Cyber Law (including data privacy and data protection). *Chambers and Partners* ranks the leading lawyers and law firms across the world. In 2024, it ranked Mr. Pizzirusso (for the fourth year in a row) as a top lawyer in "Privacy and Data Security: Litigation." It described Mr. Pizzirusso as "a highly experienced litigator, noted for his successful track record acting for plaintiffs in high-stakes cybersecurity and privacy law class actions." Hausfeld is also the only Plaintiffs' firm in the country to be ranked for the third year in a row by *Chambers* in the category of Privacy & Data Security: Litigation, Nationwide where they wrote: "Hausfeld's team is talented across the board, it contains some of the hardest-working and smartest lawyers." The *National Law Journal* also named Mr. Pizzirusso as one of its "2023 Class Action/Mass Tort Trailblazers" for his work on data breach and privacy cases and in 2017 as a "Cybersecurity Trailblazer." Law360 recognized Hausfeld as having a "2021 Practice Group of the Year" in Cybersecurity & Privacy. Additionally, in 2021, Mr. Pizzirusso was personally named as one of Law360's "Cybersecurity & Privacy MVPs" (the only plaintiffs' attorney to receive that distinction). In 2020, T*he National Law Journal* recognized Mr. Pizzirusso as a "Washington Trailblazer" for his role in data breach and privacy matters.

Given his expertise with data breach class actions, over 27 courts have appointed Mr. Pizzirusso to leadership positions in these types of cases and he has successfully overseen and collaborated with hundreds of lawyers working at his direction. He also has served in leadership in some of the largest data breach cases in the country. Judge Paul Grimm (ret.) appointed Mr. Pizzirusso as Co-Lead Counsel in *In re: Marriott International Inc., Customer Data Security Breach Litig.*, MDL No. 19-md-2879 (D. Md.), a breach impacting over 300 million customers. This is one of only a few data breach cases in the country where the court certified a contested litigation class. *See In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 139 (D. Md. 2022) (subsequent history omitted). Judge Brian C. Wimes also appointed Mr. Pizzirusso as one of the Co-Lead Counsel in *In re T-Mobile Data Security Breach Litig.*, MDL No. 4:21-md-03019-BCW (W.D. Mo.) where he helped negotiate a $500 million settlement, the second largest data breach settlement ever.[4] Judge Wimes also appointed Mr. Pizzirusso as a co-lead in a follow up data breach case against T-Mobile. *See In re: T-Mobile 2022 Customer Data Sec. Breach Litig.*, 4:23-md-03073-BCW (W.D. Mo.).

Hausfeld, one of the largest plaintiffs' class action firms in the world, has over 175 attorneys across the globe. The firm has recovered tens of billions of dollars for its clients and is sufficiently capitalized and has the resources and infrastructure to handle this litigation. It will fully self-fund its share of expenses in this case and will not seek or utilize third-party funding.

Hausfeld LLP's resume is attached hereto as **Exhibit 5**.

### *Kate Baxter-Kauf of Lockridge Grindal Nauen PLLP*

---

[4] Judge Thomas W. Thrash also appointed Mr. Pizzirusso to the PSC and Settlement Committee in *In re Equifax In re Equifax, Inc. Customer Data Sec. Breach Litig.* MDL No. 1:17-md-2800-TWT (N.D. Ga.) where he was instrumental in putting together the largest ever data breach settlement: a $500 million cash settlement with $1 billion in upgraded data security.

Kate Baxter-Kauf is a partner at Lockridge Grindal Nauen P.L.L.P. ("LGN"), and her practice is concentrated in the firm's data breach, antitrust law, business litigation, and securities litigation practice groups. Ms. Baxter-Kauf has been practicing for approximately twelve years, and has been appointed to lead multiple class actions on behalf of consumers in that time. Specifically, Ms. Baxter-Kauf is currently appointed as Interim Co-Lead Class Counsel in multiple data breach, data disclosure, and privacy cases: *Johnson v. Cornerstone Nat'l Insurance Co.*, No. 22-cv-04135-WJE (W.D. Mo.); *Holmes et al. v. Elephant Insurance Co.*, No. 3:22-cv-00487 (E.D. Va.); and *In re BPS Direct, LLC, and Cabela's, LLC Wiretapping Litig.*, No. 2:23-md-3074 (E.D. Pa.). She has been appointed to steering or executive committees in multiple data breach cases: *Baker v. ParkMobile, LLC,* No. 21-cv-2182 (N.D. Ga.), *In re Netgain Technology, LLC, Consumer Data Breach Litig.*, No. 21-cv-01210 (D. Minn.) (chair of the executive committee), *In re Regents of the University of Minnesota Data Litig.*, No. 27-cv-23-14056 (Hennepin Cty. Dist. Ct.), and *In re Apple Data Privacy Litig.*, No. 22-cv-07069 (N.D. Cal.). She is also appointed as a pre-approved member of the leadership team in conjunction with co-lead counsel in *In re Geico Customer Data Breach Litig.*, No. 1:21-cv-002210-KAM-SJB (E.D.N.Y). And she has served as appointed liaison or local counsel in other complex class actions: *City of Hollywood Firefighters' Pension Fund v. Inspire Medical Systems, Inc.*, No. 23-cv-3884 (D. Minn.) (appointed local counsel under the Private Litigation Securities Reform Act) and *In re EpiPen ERISA Litig.*, No. 17-cv-1884 (D. Minn.) (appointed liaison counsel).

Ms. Baxter-Kauf has also been substantially involved in a number of complex class action matters including data breach litigation and other class actions in state and federal courts, which are listed on her resume. She has substantial expertise in leading efforts on behalf of plaintiffs in relation to attorney-client privilege claims made to withhold documents that results in motion

practice, and disclosure of documents previously improperly withheld. She is a subject-matter expert on attorney-client privilege in the context of cybersecurity and data breach litigation, and currently serves as both a member of the Steering Committee of the Sedona Conference's Working Group 11 on Data Security and Privacy Liability and as the chair of a drafting team involving attorney-client privilege and work-product protection in the context of data breach and cybersecurity litigation.

Ms. Baxter-Kauf is also a frequent speaker on data breach and privacy issues at conferences across the country, and is often asked to speak on issues related to attorney-client privilege, Article III standing, discovery best practices, and privacy litigation. She was named a 2022 Minnesota Attorney of the Year in recognition of her pro bono work that resulted in overturning the conviction of an indigent criminal defendant on the basis of an illegal stop, chairs LGN's pro bono committee, and has been named a "North Star Lawyer" by the Minnesota State Bar Association for 2015-2023 in recognition of pro bono work.

She has been named a Minnesota Super Lawyer for Class Action and Mass Torts in 2022-2024 by Super Lawyers®, was previously named a Minnesota Rising Star from 2015-2022 by Super Lawyers®, and was awarded recognition as an 'Up & Coming Attorney' by Minnesota Lawyer for 2016 and a Top Lawyer Under 40 by Law360 in the area of Cybersecurity & Privacy for 2018. She is also a frequent neighborhood and community volunteer and serves as the incoming Vice Chair of the Minnesota Urban Debate League Advisory Board.

Lockridge Grindal Nauen PLLP's resume is attached hereto as **Exhibit 6**.

### *Charles E. Schaffer of Levin Sedran & Berman LLP*

Charles E. Schaffer is a Philadelphia native and partner with Levin Sedran & Berman LLP ("Levin Sedran"), where he has practiced for over two decades and leads the firm's consumer class

action and data breach and privacy teams. Levin Sedran is a Philadelphia law firm which has

earned recognition as a "class-action powerhouse" due to pioneering the use of class action which

resulted in numerous record-breaking recoveries over the last four decades, and as a result, are

frequently called upon to lead some of the largest MDLs and complex litigation.[5] Mr. Schaffer's

stock and trade is leading complex litigation, having been appointed to twenty leadership positions

in various MDLs by various district courts across the nation and having served in over fifty

leadership positions in non-MDL complex litigation. *See generally* **Exhibit 7**. He has focused his

practice representing consumers victimized by defective products, data breaches, and unfair or

deceptive practices and helped recover billions of dollars in compensation.[6]

Mr. Schaffer is well-versed in complex litigation including the factual and legal nuances of

data breach cases, having dealt with the key issues that typically recur in data breach class actions

---

[5] *See, e.g., In re Diet Drug Product Liability Litig.*, MDL No. 1203 (E.D. Pa.) ($6.75 billion-dollar settlement); *In re Nat'l Football League Players' Concussion Injury Litig.,* MDL No. 2323 (E.D. Pa.) (settlement in excess of $1 billion dollars); *In re Chinese-Manufactured Drywall Product Liab. Litig.*, MDL No. 2047 (E.D. La.) (settlement in excess of $1 billion dollars); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee); *In re Air Cargo Shipping Servs. Antitrust Litig*., MDL No. 1775 (E.D.N.Y.) (28 inter-related settlements against air cargo service providers totaling $1.2 billion dollars).

[6] For example, Mr. Schaffer was instrumental in bringing about settlements in *inter alia*, *In re Phillips Recalled CPAP, BI-Level PAP, Mechanical Ventilator Products Liability Litig.*, MDL No. 3014 (W.D. Pa.)($1.1billion settlement on behalf of consumers who suffered personal injuries from use of CPAP machine and a $445 million economic loss settlement to compensate consumers and third party payers for payment for the devices); *In re Aqueous Film-Forming Foams Products Liability Litig.*, MDL No. 2873 (D.S.C.) (common fund settlements on behalf of public water systems with 3M for $10.3 billion and Dupont for $1.19 billion to remove or remediate PFAS from the public water supply); *In Re CertainTeed Corporation Roofing Shingles Product Liability Litig*., MDL No.: 1817 (E.D. Pa.) ($815,000,000 nationwide settlement for purchasers of defective shingles*), In re CertainTeed Fiber Cement Siding Litig.*, MDL No: 2270 (E.D. Pa.) ($103.9 million nationwide settlement for purchasers of defective siding), *In re JP Morgan Modification Litig.*, MDL No. 2290 (D. Mass.) (where defendant failed to offer required mortgage modifications , nationwide settlement approved by the court and valued at $506 million); *Herrera v. Wells Fargo Bank, N.A.*, No. 8:18-cv-00332 (C.D. Cal.) (nationwide settlement in excess of $300 million to repay borrowers for prepaid GAP insurance and unwarranted fees); *In re Wells Fargo Ins. Mktg. Sales Prac. Litig*., MDL No. 2797 (C.D. Cal) ($423.5 million nationwide settlement to repay borrowers for unnecessary insurance and fees).

i.e. defendants' duty to protect data, Article III standing, damages, and arbitration/class action waivers. He has been involved in all phases of data breach litigation, from the initial investigation, through obtaining relief for the class through a nationwide settlement. Mr. Schaffer has served in leadership and as class counsel in over thirty -five data breach class actions throughout the country, many of which include cases involving similar data security issues, data and claims brought in this matter. See, e.g., *In re MoveIt Customer Data Security Breach Litig*, MDL 3083 (D. Mass) (Lead Counsel, financial, health and personal data); *Holden v. Guardian Analytics, Inc.*, No. 2:23-cv-02156 (D.N.J.) (Lead Counsel, financial and personal data); *Reichbart v. Financial Business and Consumer Solutions, Inc*., No. 24-1876 (E.D. Pa.) (Lead Counsel, financial and personal data); *In re NCB Mgmt. Serv., Inc. Data Breach Litig.*, No. 2:23-cv-01236 (E.D. Pa.) (Liaison counsel, financial and personal data); *Hasson v. Comcast Cable Communications, LLC*, No. 2:23-cv-05039 (E.D. Pa.) (Liaison Counsel, and member of Executive Committee, personal data); *Hulewat v. Medical Management Resource Group LLC,* No. 2:24-cv-00377 (D. Ariz) (Executive Committee, health and personal data); *Gambino v. Berry, Dunn, McNeil & Parker, LLC*, No. 2:24-cv-00146 (D. Maine) (Executive Committee); *In re Overby-Seawell Co. Cust. Data Sec. Breach Litig*., MDL No. 3056 (N.D. Ga) (Executive Committee, financial and personal data); *In re Wawa, Inc., Data Breach Litig.*, No. 19-6019 (E.D. Pa.) (Co-Chair of third-party discovery committee for financial track); *In re Carrier IQ Consumer Privacy Litig.*, MDL No. 2330 (N.D. Cal.) (Executive Committee, personal data); *In re Target Corporation Customer Data Security Breach Litig.*, MDL 2522 (D. Minn.) (Executive Committee, financial and credit card data ).[7] Along with his class

---

[7] He has also served as a member of the litigation teams and assisted lead counsel in other major data breach cases, including *In re Marriot Int'l Cust. Data Sec. Breach Litig.*, MDL No. 2879 (D. Md.) (PII compromised); *In re Capital One Cons. Data Sec. Data Breach*, MDL No. 2915 (E.D. Va.) (PII compromised).

action experience, he has an LLM in Trial Advocacy and has extensive experience trying cases to jury verdicts on behalf of individual victims in products liability, medical negligence and drug and medical device actions. Undoubtedly, Plaintiffs' Leadership Committee and the class will benefit from his insight and experience in prosecuting and trying those actions to jury verdicts.

Mr. Schaffer and his team have been at the forefront of this litigation and took a leadership role helping to organize and inform Plaintiffs' counsel, resulting in the proposal of a self-organized Plaintiffs Leadership Committee structure consisting of some of the most experienced data privacy lawyers in the country. If appointed, he will continue to help lead and form efficient working groups for the benefit of the putative class. Mr. Schaffer is a demonstrated leader in both the bar and his community, served as a United States Marine, and devotes his time outside of the courtroom to advancing and protecting consumers' and military service members' interests.

Mr. Schaffer' experience in prosecuting complex and data privacy class action cases makes him well qualified to serve as a member of Plaintiffs' Leadership Committee for Plaintiffs and the putative Class. Additional information regarding Mr. Schaffer and Levin Sedran & Berman, LLP are summarized in the firm resume attached hereto as **Exhibit 7**.

### iii. *Proposed Plaintiffs' Leadership Committee have Committed, and will Continue to Commit, the Resources Necessary to Represent the Class.*

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative classes. Fed. R. Civ. P. 23(g)(1)(C). Proposed Plaintiffs' Leadership Committee may, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each firm understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. Proposed Plaintiffs' Leadership Committee have already expended significant resources in investigating the data breach,

communicating with affected consumers, researching and drafting complaints, and coordinating with Plaintiffs' counsel and Defendant's counsel to consolidate these proceedings. Coates Decl., ¶¶ 6-7. To ensure that adequate funds are available to prosecute this litigation on behalf of the putative Class, Proposed Plaintiffs' Leadership Committee will also establish a system to pay assessments proportional to the needs of the case. *Id.* ¶ 12. And, as their firm resumes and counsels' experience indicate, Proposed Plaintiffs' Leadership Committee have the resources and willingness to see this litigation through to its conclusion, including trial.

      ***iv.***     ***Other Factors Support Designating Proposed Plaintiffs' Leadership Committee.***

Notably, the proposed leadership structure has the support of 12 of the 14 Related Actions. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at **5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel. Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.")); MANUAL FOR COMPLEX LITIG. §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach). Proposed Plaintiffs' Leadership Committee's success in self-organizing and securing each other's support demonstrates their suitability for leadership roles.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation

places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are critical to successful management of the litigation. *See* MANUAL FOR COMPLEX LITIG. § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*.

Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents. Here, counsel in the Related Actions have coordinated organizational efforts. Because the consolidation process has the potential to breed disorganization, in-fighting, and inefficiencies, it is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *See* Bolch Judicial Institute, Duke Law School, *Guidelines & Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines"), at 43. Selecting lawyers who have previously worked together, as is the case here with Proposed Plaintiffs' Leadership Committee, has many benefits. They have developed working relationships, know of complimentary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*. Proposed Plaintiffs' Leadership Committee have strong working relationships with each other that will benefit the Class and, recognizing this, moved quickly and effectively to organize the Related Actions to put forward the leadership structure proposed herein. Coates Decl., ¶ 13. Importantly, Proposed Plaintiffs' Leadership Committee have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other

17

matter. *Id*., ¶ 14. Proposed Plaintiffs' Leadership Committee understand that they will be required to make contributions to fund the litigation, and they will not accept any third-party funding to do so. *Id.*. While Proposed Plaintiffs' Leadership Committee intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. *Id*., ¶ 15. To this end, Proposed Plaintiffs' Leadership Committee have already discussed how best to organize to effectively use their diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing. *Id*.

### C. Proposed Plaintiffs' Leadership Committee Are Supported by The First Five Filed Cases.

Proposed Plaintiffs' Leadership Committee has the support of first five filed actions (*Prestby*, *Krueger*, *Hill*, *Pennell*, and *Foster*, plus an additional 7 cases arising out of the Data Breach). When considering Rule 23(g) motions, federal courts across the country generally give deference to counsel in the first-filed cases when they are qualified to handle the action. *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints and holding that where a firm has "filed the first complaint[] in [the] case, and the subsequent complaints filed . . . are substantially similar to those initial filings," it provides evidence of the firm's "substantial history of investigating the potential claims in this action."); *see also In re Insulin Pricing Litig*., 2017 WL 4122437, at *3 (D.N.J. Sept. 18, 2017) (appointing class counsel in part because they "filed the first complaint in this litigation"); *Steele v. United States*, No. 14-1523, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select [proposed interim class counsel] on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc*., No. 12cv2063, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar.

1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Richey v. Ells*, No. 12-cv-1831, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action."); *Carlin v. DairyAmerica, Inc.*, 2009 WL 1518058, at *2 (E.D. Cal. May 29, 2009) (where multiple counsel filing two identical class action lawsuits seek appointment of interim class counsel, appointment of the first-filed counsel is appropriate where "a simple comparison of the original complaint . . . with the [second-filed complaint] reveals that they are almost identical"); *Moradi v. Adelson*, No. 11-cv-490, 2011 WL 5025155, at *3 (D. Nev. Oct. 20, 2011) ("Moreover, as the Moradi Plaintiffs were the first to file suit, it would be appropriate to assign [their attorneys] as lead counsel."); *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (noting that courts will consider which action was filed first for lead counsel purposes where "there is a need for an objective tie-breaker").

Proposed Plaintiffs' Leadership Committee respectfully submit this Court should follow the majority of courts across the country.

## II.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the appointment of Courtney E. Maccarone of Levi & Korsinsky, LLP; Terence R. Coates of Markovits, Stock & DeMarco, LLC; Jean S. Martin of Morgan & Morgan Complex Litigation Group; James J. Pizzirusso of Hausfeld LLP; Kate M. Baxter-Kauf of Lockridge Grindal Nauen PLLP; and Charles E. Schafer of Levin Sedran & Berman LLP as Plaintiffs' Leadership Committee.

Dated: August 5, 2024                    Respectfully submitted,

                                         /s/ *Terence R. Coates*
                                         Terence R. Coates

*Counsel for Plaintiffs Krueger and*
*Sutherlin and the Putative Class*
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
tcoates@msdlegal.com

Pamela A. Car #18770
William L. Reinbrecht #20138
*Counsel for Plaintiffs Prestby and*
*Summerville and the Putative Class*
Car & Reinbrecht, P.C., L.L.O.
2120 S. 72nd Street, Suite 1125
Omaha, NE 68124
Telephone: (402) 391-8484
Email: pacar@cox.net

Mark S. Reich**
Courtney E. Maccarone**
Gary I. Ishimoto**
*Counsel for Plaintiffs Prestby and*
*Summerville and the Putative Class*
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: cmaccarone@zlk.com
Email: gishimoto@zlk.com

Gary M. Klinger
*Counsel for Plaintiffs Hill, Sayers,*
*Moser, Geerhardt, T.D. and the Putative Class*
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
gklinger@milberg.com

Carl V. Malmstrom
*Counsel for the Pennell Plaintiffs*
*and the Putative Class*

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

David W. Asp, MN Bar No. 344850
Karen H. Riebel, MN Bar No. 0219770**
Kate M. Baxter-Kauf, MN Bar No. 392037**
*Counsel for Plaintiff Foster and the Putative Class*
LOCKRIDGE GRINDAL
NAUEN P.L.L.P.
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com
dwasp@locklaw.com

Gary F. Lynch (PA ID No. 56887)**
Patrick D. Donathen (PA ID No. 330416)**
*Counsel for Plaintiff Foster and the Putative Class*
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
gary@lcllp.com
patrick@lcllp.com

Jean S. Martin**
*Counsel for Plaintiff Sutherlin and the Putative Class*
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602 (813) 223-5505
jeanmartin@ForThePeople.com

Tiffany Marko Yiatras**
*Counsel for Plaintiff Sutherlin and the Putative Class*
CONSUMER PROTECTION LEGAL, LLC
308 Hutchinson Road
Ellisville, Missouri 63011-2029
Tele: 314-541-0317
Email: tiffany@consumerprotectionlegal.com

James J. Pizzirusso\*\*
Mandy Boltax\*\*
*Counsel for Plaintiff Moser and the Putative Class*
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, D.C. 20006
(202) 540-7200
jpizzirusso@hausfeld.com
mboltax@hausfeld.com

Steven M. Nathan\*\*
Ashley Crooks\*\*
*Counsel for Plaintiff Moser and the Putative Class*
HAUSFELD LLP
33 Whitehall Street, Fourteenth Floor
New York, NY 10004
(646) 357-1100
snathan@hausfeld.com
acrooks@hausfeld.com

Jarrod P. Crouse, # 22880
Nicole J. Luhm, #26600
*Counsel for Plaintiff Santizo and the Putative Class*
Baylor Evnen Wolfe & Tannehill, LLP
Union Bank Place
1248 O Street, Suite 900
Lincoln, NE  68508
Phone: (402) 475-1075
Fax: (402) 475-9515
Email: jcrouse@baylorevnen.com
nluhm@baylorevnen.com

Patrick T. Egan (BBO #637477)\*\*
Steven J. Buttacavoli (BBO #651440)\*\*
*Counsel for Plaintiff Santizo and the Putative Class*
BERMAN TABACCO
One Liberty Square
Boston, MA 02109
Phone: (617) 542-8300
Email: pegan@bermantabacco.com
sbuttacavoli@bermantabacco.com

Pierce H. Stanley (CA Bar No. 352152)\*\*
*Counsel for Plaintiff Santizo and the Putative Class*
BERMAN TABACCO

22

425 California Street, Suite 2300
San Francisco, CA 94104
Phone: (415) 433-3200
Email: pstanley@bermantabacco.com


Mason A. Barney
*Counsel for Plaintiff Trussell and the Putative Class*
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
T: 212-535-1091
F: 646-417-5967
mbarney@sirillp.com

Jeff Ostrow
*Counsel for Plaintiff Trussell and the Putative Class*
KOPELOWITZ OSTROW P.A.
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL
T: 954.332.4200
ostrow@kolawyers.com

A.  Brooke Murphy
*Counsel for Plaintiff Sayers and the Putative Class*
MURPHY LAW FIRM 4116
Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
T: (405) 389-4989
E: abm@murphylegalfirm.com

Charles E. Schaffer*
Nicholas J. Elia*
*Counsel for Plaintiff Geerhardt and the Putative Class*
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Jeffrey S. Goldenberg*
Todd B. Naylor*
*Counsel for Plaintiff Geerhardt and the Putative Class*

23

GOLDENBERG SCHEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Phone: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

Brett R. Cohen*
*Counsel for Plaintiff Geerhardt and the Putative Class*
LEEDS BROWN LAW, P.C.
One Old Country Road – Suite 347
Carle Place, NY 11514
Phone: (516) 874-4505
bcohen@leedsbrownlaw.com

*Counsel for Plaintiff Geerhardt and the Putative Class*

Maureen M. Brady*
*Counsel for Plaintiff T.D and the Putative Class*
MCSHANE & BRADY, LLC
4006 Central Street
Kansas City, MO 64111
Phone: (816) 888-8010
Fax: (816) 332-6295
mbrady@mcshanebradylaw.com

*Pro Hac Vice forthcoming*
*** Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I served a copy of the foregoing via electronic filing in the ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Terence R. Coates*
Terence R. Coates

24

**<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify that on August 5, 2024, I certify that this memorandum in support complies with Local Rule 7.1(d) in that it contains 6,843 words, which were calculated by using the word-count function in Microsoft Word including all text, including the caption, headings, footnotes, and quotations.

<u>/s/ *Terence R. Coates*</u>
Terence R. Coates